KC
FILED
DECEMBER 3, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN KIDA,<br><br>    Plaintiff,<br><br>v.<br><br>DEVONO'S RISTORANTE FAMIGLIA, JOHN ORR, owner, in his individual capacity, DONALD SHILNEY, owner, in his individual capacity,<br><br>    Defendants. | Case No.:<br><br>**07 C 6788**<br><br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE COLE**<br><br>Plaintiff Demands Trial By Jury |

## COMPLAINT

NOW COMES Plaintiff, KRISTEN KIDA, by and through her attorneys, KURTZ LAW OFFICES, LLC, and complaining against Defendants, DEVONO'S RISTORANTE FAMIGLIA, JOHN ORR, owner, in his individual capacity, and DONALD SHILNEY, owner, in his individual capacity, and states:

### Introduction

1. Plaintiff seeks redress for sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Count I); for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, as amended (Count II); for intentional infliction of emotional distress in violation of Illinois law (Count III); for assault and battery in violation of Illinois law (Count IV); and for false imprisonment (Count V). Plaintiff seeks declaratory and injunctive relief as well as damages for her injuries.

2. Defendants' actions reflect a systematic policy and practice of discrimination against women and sexual harassment and retaliation and constitute a continuing violation.

## Jurisdiction and Venue

3. Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

## Administrative Proceedings

4. Plaintiff filed a charge of discrimination on September 13, 2006 with the Equal Employment Opportunity Commission ("EEOC"), which is still pending before the EEOC. Upon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend her Complaint to include the relevant facts providing jurisdiction of this Court for Plaintiff's Title VII claims (Counts I and II).

## The Parties

5. Plaintiff KRISTEN KIDA ("KIDA") is a resident of Will County.

6. Plaintiff was hired by Defendant DEVONO'S RISTORANTE FAMIGLIA ("Devono's") in or about July of 2003 to work as a waitress. She was terminated from her waitressing position at Devono's on or about December 29, 2005.

7. Defendant DEVONO'S is a restaurant located in Orland Park, Illinois. At all relevant times, Devono's has been continuously engaged in an industry affecting commerce with fifteen (15) or more employees.

8.  At all relevant times, Defendant JOHN ORR ("ORR") served as co-owner of Devono's.  At all relevant times, Defendant Orr was Plaintiff's supervisor.  Defendant Orr is sued in his individual capacity as to Counts III, IV, and V.

9.  At all relevant times, Defendant DONALD SHILNEY ("SHILNEY") served as co-owner of Devono's.  At all relevant times, Defendant Shilney was Plaintiff's supervisor . Defendant Shilney is sued in his individual capacity as to Count III.

10.  Defendant Devono's has employed Defendants Orr and Shilney at all times relevant hereto.  Devono's is responsible for the acts of Defendants Orr and Shilney, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation.

**Facts Upon Which Claims Are Based**

11.  In or about July of 2003, Plaintiff was hired by Defendant Devono's as a waitress.

12.  In or about December 2004, Defendants promised Plaintiff a position as manager.

13.  In or about December 2004, Defendants reversed their decision to make Plaintiff manager based on Plaintiff being pregnant.  Defendants made comments to Plaintiff such as, "It's a shame you got pregnant because we were going to make you a manager."

14.  In or about November of 2005, Defendant Orr began subjecting Plaintiff to repeated and pervasive sexual harassment, discrimination, and retaliation, including but not limited to: holding Plaintiff against her will in a supervisor's office, forcefully kissing and fondling Plaintiff, making derogatory and demeaning remarks to Plaintiff

and suggestive sexual comments to Plaintiff, all of which were unwelcome and offensive, because of her gender. This conduct continued up until the time Defendants terminated Plaintiff's employment in December 2005.

15. Defendant Orr continuously subjected Plaintiff to offensive, unwelcome, and physically- and sexually-abusive behavior, including but not limited to the following:

    a. From July 2003, Orr repeatedly subjected Plaintiff and other women to comments of an abusive, degrading and sexual nature.

    b. Orr subjected Plaintiff to unwanted sexual advances by continuously asking her out on dates, even though she had repeatedly denied his requests and told him that his behavior was unwelcome. Defendant's comments and questions made Plaintiff very uncomfortable and distracted her from fulfilling her job duties.

    c. In or about December of 2005, Orr cornered Plaintiff in the kitchen, hugged her, and again asked her to go out with him.

    d. On or about December 20, 2005, Defendant Orr asked Plaintiff out again.

    e. Later that same day, Defendant Orr requested to speak to Plaintiff in his office. Plaintiff, obeying the order of her acting supervisor, met Defendant Orr in his office in the basement of the restaurant. When she entered the office, Orr locked the door behind her. Orr then forced himself onto Plaintiff and kissed her and fondled her breasts through her shirt. Plaintiff pushed Orr away and told him

          that she needed to go upstairs and ran out of the office and upstairs in tears.

    f.    On or about December 24, 2005, Defendant Orr once again forced himself on Plaintiff and attempted to kiss her. Plaintiff rejected his attempt by pushing him away. Some two minutes later, Defendant Orr made another attempt to kiss Plaintiff, but she managed to deny his attempt while telling him that this behavior was unacceptable and unwelcome. Undeterred, Defendant Orr unexpectedly kissed Plaintiff and grabbed her buttocks as he was leaving the room.

16.    In or about November of 2005, Plaintiff complained to Defendant Shilney regarding Defendant Orr's harassing behavior. However, Shilney took no action to address the situation. He did not even inform Defendant Orr that his actions were inappropriate and constituted sexual harassment. Shilney's refusal to take action caused Orr to escalate his harassment and in turn caused Plaintiff further mental pain and anguish.

17.    On or about December 27, 2005, Plaintiff complained once again to Shilney and requested that he talk to Orr and put a stop to all of Orr's unwelcome and offensive behavior. Defendant Shilney responded to Plaintiff's request by saying, in effect, "Can't you handle a dirty old man? I am not going to get involved, you deal with it."

18.    On or about December 29, 2005, Plaintiff arrived to work as scheduled to find that Defendants had scheduled a former manager in Plaintiff's place. Plaintiff met privately with Defendant Orr, who told Plaintiff, "I have to let you go." He also stated,

"This could have benefited you," implying that Plaintiff would not have lost her job if she had allowed and welcomed his sexual advances.

19. On or about December 29, 2005, Defendant Orr also told Plaintiff that, "I should take you over my knee, but you might like that too much." Plaintiff Kida immediately walked out of the office and left the premises.

20. On or about December 29, 2005, Defendants terminated Plaintiff's employment in retaliation for complaining about the daily sexual harassment that she had been forced to endure.

21. Defendant Devono's supervisors, including Defendants Shilney and Orr, knew and should have known of the harassment directed at Plaintiff and other women and failed to take any effective measures to correct and prevent it.

22. Defendants Devono's, Shilney, and Orr contributed to and failed to remedy the hostile work environment Plaintiff endured.

23. Defendants Devono's, Shilney, and Orr created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

24. Defendant Devono's has a policy, custom, and widespread practice of allowing and condoning sexual harassment, failing to respond to employees' complaints of harassment, and retaliating against those who complain about Defendants' unlawful conduct.

## COUNT I

### (Title VII - Sexual Harassment and Discrimination)

### (Plaintiff v. Defendant Devono's)

25.  As against Defendant Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

26.  The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.*

27.  Defendant has engaged in a policy, pattern, and practice of sexual harassment of and discrimination against women.

28.  Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from that hostile and abusive environment.

29.  Defendant intentionally discriminated against Plaintiff based on her gender and denied her equal opportunities, including but not limited to: being subject to a hostile work environment and harassment, being passed over for promotions, being subjected to unlawful termination, and treated differently in the terms and conditions of her employment.

30.  The actions of Defendant in intentionally engaging in and condoning sexual harassment against Plaintiff have caused Plaintiff great mental anguish,

humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

F. Punitive damages as allowed by law;

G. An award of reasonable attorneys' fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

## COUNT II

### (Title VII – Retaliation)

### (Plaintiff v. Defendant Devono's)

31. As against Defendant Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

32. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about sexual harassment and gender discrimination, and by refusing and failing to protect Plaintiff from retaliation, including but not limited to the following:

   a. Owners and supervisors failed to take corrective action or any other measures to prevent owners and supervisors from subjecting Plaintiff to a hostile work environment;

   b. Defendant's owner and supervisor Shilney failed to take corrective action or any other measures to prevent Defendant Orr from sexually harassing and threatening Plaintiff and other women;

   c. Defendant and its supervisors and agents retaliated against Plaintiff after she complained about unlawful discrimination;

   d. Defendant and its supervisors and agents refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about sexual harassment and gender discrimination;

   e. Defendant and its supervisors and agents subjected Plaintiff to repeated acts of retaliation intended to ostracize, isolate, humiliate, and punish her, after she complained about sexual harassment, gender discrimination, and retaliation; and

   f. Defendant and its supervisors and agents have subjected other individuals to retaliation for complaining about sexual harassment, discrimination, and retaliation and other unlawful conduct.

33. Defendant has engaged in a policy, pattern, and practice of retaliating and condoning retaliation against employees who complain of sexual harassment and discrimination.

34. By engaging in and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

35. The actions of Defendant and its supervisors and agents in intentionally engaging in and condoning discrimination and retaliation against Plaintiff have caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

C. A permanent injunction enjoining the Defendant from engaging in the retaliatory practices complained of herein;

D. A permanent injunction requiring the Defendant to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e, *et seq.*;

E. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

F. Punitive damages as allowed by law;

G. An award of reasonable attorneys' fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

## STATE LAW SUPPLEMENTAL CLAIMS

## COUNT III

### (Intentional Infliction of Emotional Distress)

### (Plaintiff v. All Defendants)

36. As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

37. The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff.

38. As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

39. Defendants acted willfully and maliciously with respect to their treatment of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests:

A. Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

B. Compensatory damages;

C. Punitive damages as allowed by law;

D. An award of reasonable attorneys' fees, costs, and litigation expenses; and

E. Such other relief as the Court may deem just or equitable.

## COUNT IV

### (Assault and Battery)

### (Plaintiff v. Defendants Orr and Devono's)

40. As against Defendants Orr and Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

41. Defendant Orr without cause or provocation assaulted and battered Plaintiff by grabbing her in an offensive, hostile and unwanted manner, and by causing Plaintiff to be placed in well-founded fear of her safety and well-being.

42. Defendant Orr intentionally and unlawfully threatened and caused Plaintiff injury by force, which under the circumstances created in Plaintiff a well-founded fear of imminent peril.

43. Defendant Orr had the apparent present ability to effectuate and complete the injury so offered and threatened.

44. Defendant Orr's touching and assault and battery of Plaintiff were performed without her consent and against her will, and resulted in harmful and/or offensive contact to Plaintiff.

45. At all relevant times to this action, Defendant Orr knew or should have reasonably known that his conduct was harmful and/or offensive to Plaintiff.

46. Defendant Orr's actions were willful and intentional and taken with wanton disregard of Plaintiff's well-being.

47. As a direct and proximate result of Defendant Orr's unlawful acts, Plaintiff has suffered physical and emotional damages resulting in the need for medical treatment, pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiffs respectfully request:

    A.    Compensatory damages;

    B.    Punitive damages as allowed by law;

    C.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    D.    Such other relief as the Court may deem just or equitable.

## COUNT IV

### (False Imprisonment)

### (Plaintiff v. Defendants Orr and Devono's)

48. As against Defendants Orr and Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

49. As set forth herein, Defendant Orr unlawfully and unreasonably restrained Plaintiff against her will.

50. Defendant Orr locked Plaintiff in the office against her will and would not allow her to leave.

51. Defendant Orr locked Plaintiff in the office in order to assault her, commit a battery upon her, and sexually harass her against her will.

52. Defendant Orr did not believe that Plaintiff had committed an offense when he restrained her.

53. Defendant Devono's agent, Defendant Orr, caused an uwarranted and unlawful restraint of Plaintiff and thus is liable for false imprisonment.

54. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical and emotional damages resulting in the need for medical treatment, pain and suffering, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests:

A. Economic losses Plaintiff sustained and will sustain as a result of the false imprisonment, including prejudgment interest on such amounts;

B. Compensatory damages;

C. Punitive damages as allowed by law;

D. An award of reasonable attorneys' fees, costs, and litigation expenses; and

E. Such other relief as the Court may deem just or equitable.

Respectfully submitted,

**KRISTEN KIDA**

*s/Dana L. Kurtz*
───────────────────────────
Attorney for Plaintiff

*Electronically filed December 3, 2007*

Dana L. Kurtz (ARDC #: 6256245)
Heidi Karr Sleper, Esq. (ARDC#: 6287421)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone:  815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us
E-mail:  hsleper@kurtzlaw.us