IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kirsten Kida, <br><br>     Plaintiffs, <br><br> v. <br><br> Devono's Ristorante Famiglia; John Orr, owner, in his individual capacity, Donald Shilney, owner, in his individual capacity, <br><br>     Defendants. | Case No.: 07 C 6788 <br><br> Judge Darrah |

## DEFENDANTS' 12(b)(6) MOTION TO DISMISS

Defendants Devono's Ristorante Famiglia ("Restaurant"), John Orr, owner, in his individual capacity; Donald Shilney, owner, in his individual capacity (collectively "Defendants"), by and through their attorneys Matthew P. Walsh II and V. Brette Bensinger, and for their 12(b)(6) Motion to Dismiss Plaintiff Kristen Kida's ("Plaintiff") Complaint at Law, state as follows:

### INTRODUCTION

On September 13, 2006, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Compl. at ¶ 4. Plaintiff has not received a right to sue letter from the EEOC, and has asserted in her Complaint that once she receives such a letter, she will amend her Complaint to include the relevant facts providing jurisdiction for her Title VII claims. Compl. at ¶ 4. Nevertheless, within the Complaint, Plaintiff asserts both a Title VII claim and a Title VII Retaliation claim. Compl. at ¶ 1. Plaintiff's Title VII claim is based on allegations that Defendant Restaurant discriminated against Plaintiff on the basis of her gender by subjecting her to a hostile work environment and harassment, denying her promotions, subjecting her to unlawful termination, and treating her differently in terms and conditions of

employment. Compl. at ¶ 29. Specifically, Plaintiff asserts that she was subject to unwanted sexual advances and claims that her employment was terminated when she refused to submit to these advances. Compl. at ¶¶ 14, 15, 18. Plaintiff's Title VII retaliation count is based on Plaintiff's alternative claim that she was terminated for allegedly reporting certain unwanted sexual advances. Compl. at ¶ 20. Additionally, Plaintiff asserts three state law counts, which include Intentional Infliction of Emotional Distress, Assault and Battery, and False Imprisonment. Compl. at ¶ 1.

## 12(b)(6) MOTION TO DISMISS STANDARD

The purpose of a 12(b)(6) motion is to test the legal sufficiency of a complaint. *Adams v. Cavanaugh Communities Corp.*, 847 F.Supp 1390, 1396 (N.D.Ill. 1994). "The complaint 'must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory.'" *Alerquin v. General Fire Extinguisher Corp.*, No. 94 C 5991, 1995 WL 59230, at * 2 (N.D.Ill. Feb. 10, 1995), *quoting Carl Sandberg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.*, 758 F.2d 203, 207 (7th Cir. 1985).

## ARGUMENT

### Plaintiff's Failure to Receive a Right to Sue Letter Prior to Filing a Federal Lawsuit Precludes Her from Prosecuting Her Title VII Claims at this Time

Clear Seventh Circuit precedent demonstrates that Plaintiff's lawsuit may not continue at this time. Receipt of an EEOC right to sue letter is a precondition to the filing of a Title VII lawsuit. Plaintiff may not maintain a Title VII lawsuit without first receiving a right to sue letter from the EEOC. *Conner v. Illinois Dep't of Natural Resources,* 413 F.3d 675, 680 (7th Cir. 2005), *citing Hentosh v. Herman M. finch Univ. of Health Scis./The Chi. Med. Sch.* 167 F.3d 1170, 1173 (7th Cir. 1999); *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). In

the instant case, Plaintiff did not receive a right to sue letter from the EEOC prior to filing her lawsuit. Indeed, on December 3, 2007, Plaintiff filed the instant action in the Northern District of Illinois admitting, in her pleading, that "[u]pon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend her Complaint to include the relevant facts providing jurisdiction of this Court for Plaintiff's Title VII claims (Counts I and II)." Compl. at ¶ 4. Effectively, by asserting the previous statement in her Complaint, Plaintiff has admitted that, as of the date she filed the lawsuit, she had not yet received a right to sue letter.

Although Title VII and related precedent renders the instant lawsuit subject to dismissal, the dismissal would be without prejudice, forcing Plaintiff to refile after the receipt of the right to sue letter. In the interest of judicial economy, the defense requests that the instant case be continued until Plaintiff receives a right to sue letter. However, the defense requests the right to file a subsequent 12(b)(6) motion should Plaintiff fail to amend her Complaint within the applicable limitations period after receiving her right to sue letter. *See Velasco v. Illinois Dep't of Human Services*, 246 F.3d 1010, 1018 (7th Cir. 2001).

WHEREFORE, Defendants respectfully request that this Court enter and continue its Motion until Plaintiff has amended her Complaint, and allow Defendants to preserve their rights to file a 12(b)(6) Motion to Dismiss should Plaintiff fail to amend within the proper time period required by the Title VII and related precedent.

6263803v1 870707

          Respectfully submitted,

          HINSHAW & CULBERTSON LLP


          By: s/ V. Brette Bensinger
              V. Brette Bensinger

Matthew P. Walsh, II
V. Brette Bensinger
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000


## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on December 21, 2007, a true and correct copy of the foregoing **12(b)(6) Motion to Dismiss** was served in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the Northern District of Illinois.

Dated:  December 21, 2007

s/V. Brette Bensinger

4

6263803v1 870707