THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTEN KIDA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEVONO'S RISTORANTE FAMIGLIA, JOHN ORR, owner, in his individual capacity, DONALD SHILNEY, owner, in his individual capacity, | Case No.: 07 C 6788<br><br>Honorable Judge Darrah<br>Magistrate Judge Cole |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO "CONTINUE" LABELED AS A MOTION TO DISMISS**

Plaintiff, KRISTEN KIDA, by and through her attorneys, KURTZ LAW OFFICES, LLC, responds to Defendants' motion to "continue" (stay), which is labeled as a "motion to dismiss." Defendants in fact move to stay Counts I and II of Plaintiff's complaint, stating "In the interest of judicial economy, the defense requests that the instant case be continued until Plaintiff receives a right to sue letter." (Defs.' Mot. at 3.) Defendants' motion should be denied because Plaintiff has fulfilled all administrative obligations under Title VII. In support thereof, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff seeks redress for sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Count I); for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, as amended (Count II); for intentional infliction of emotional distress in violation of Illinois law (Count III); for assault and battery in violation of Illinois law

1

(Count IV); and for false imprisonment (Count V).

Plaintiff alleges that while working for Devono's Ristorante Famiglia, she endured numerous incidents of sexually based comments, unwanted physical touching, gender discrimination due to her pregnancy, and retaliation for her complaints of harassment and discrimination. Plaintiff alleges that she was denied management opportunities because she was pregnant. She also alleges that Defendant Orr subjected Plaintiff to repeated and pervasive sexual harassment, discrimination, and retaliation, including but not limited to: holding Plaintiff against her will in a supervisor's office, forcefully kissing and fondling Plaintiff, making derogatory and demeaning remarks to Plaintiff and suggestive sexual comments to Plaintiff, all of which were unwelcome and offensive, because of her gender. Plaintiff further alleges that she repeatedly complained to Defendant Shilney and he did nothing to intervene in the harassment. Plaintiff alleges that Defendants terminated her employment on or about December 29, 2005 for complaining about the daily sexual harassment that she had been forced to endure.

## I.    STANDARD UNDER RULE 12(b)(6)

Under Rule 12(b)(6), the court accepts as true all well-plead factual allegations, drawing all inferences in Plaintiff's favor. *Dawson v. General Motors Corp.,* 977 F.2d 369, 372 (7th Cir. 1992). Dismissal under 12(b)(6) is only proper if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726,729 (7th Cir. 2005) (quoting *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "Indeed, if it is possible to hypothesize a set of facts, consistent with the complaint, that would

entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Under the federal notice pleading regime, "a complaint pleads claims, which is to say grievances." *Rapid Test Prods., Inc. v. Durham Sch. Servs., Inc.*, 460 F.3d 859, 861 (7th Cir. 2006). It "need not set out either legal theories or comprehensive factual narratives." *Id.* at 860.

## II. PLAINTIFF FULFILLED ALL ADMINISTRATIVE OBLIGATIONS UNDER TITLE VII

Defendants argue that Plaintiff's Complaint should be "continued" (stayed) because she has not yet received a Right to Sue letter from the Equal Employment Opportunity Commission related to her EEOC charge. (*See* Defs.' Mot. at 3 ("In the interest of judicial economy, the defense requests that the instant case be continued until Plaintiff receives a right to sue letter.").) As discussed below, Plaintiff has exhausted all administrative obligations required by Title VII. Therefore, Counts I and II state adequate claims and should not be dismissed.

Plaintiff's suit alleges both federal and state law claims, which arise from the same operative facts. Plaintiff was forced to file her suit prior to receiving a right to sue to toll the statute of limitations on her state law claims because the statute of limitations on Plaintiff's state law claims were beginning to accrue. If Plaintiff had waited for the EEOC to complete their investigation and issue the right to sue, then statute of limitations on her state law claims would have run. Plaintiff filed a charge of discrimination with the EEOC on September 13, 2006, against Devono's Ristorante Famiglia. The EEOC has had over 492 days within which to investigate her complaint against Devono's. Title VII states, in pertinent part:

3

> If a charge filed with the Commission… is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge… the Commission has not filed a civil action under this section… or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission… shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e-5(e)(2)(f)(1).

Plaintiff's counsel has requested a notice of right to sue in this case. The delay lies with the EEOC who has not notified Plaintiff of her right to sue. However, "the failure to obtain a right-to-sue letter does not deprive the court of subject matter jurisdiction" over Plaintiff's Title VII claims. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001). A Plaintiff's failure to obtain a right to sue letter before filing in federal court is subject to modification under equitable principles. *Sherman v. Standard Rate Data Service, Inc.*, 709 F.Supp. 1433, 1437 (N.D.Ill. 1989).

> Situations in which courts have applied equitable principles to grant relief from the requirement of a right-to-sue letter in Title VII cases include (1) when a claimant has received inadequate notice; (2) when a motion for appointment of counsel is pending; (3) when a court has led a plaintiff to believe that he or she has done everything required; (4) when affirmative misconduct has lulled a plaintiff into inaction; (5) when a plaintiff has in some extraordinary way been prevented from asserting his rights; (6) when a plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum; (7) when a right to sue letter has been received subsequent to commencement of a Title VII action and while the action is still pending; or (8) when the EEOC or Attorney General has incorrectly refused to issue a right to sue letter.

*Jackson v. Trustees of Purdue University*, 2006 WL 2949529, at * 4-5 (N.D.Ind. 2006). In this case, a right to sue letter will be received subsequent to the commencement of a Title VII action (as indicated in Plaintiff's Complaint, *see* ¶ 4) and while the action is still pending. Thus, equitable principles dictate that Plaintiff's Title VII claims against

4

Defendant Devono's Ristorante Famiglia should be allowed to continue and will be supplemented when she receives the right to sue.

Moreover, Plaintiff's federal complaint names John Orr and Donald Shilney, the owners of Devono's, in their individual capacity on Plaintiff's state law claims. The suit against Mr. Orr and Mr. Shilney is not dependant on receiving a right to sue letter. Furthermore, Plaintiff has alleged state law claims for intentional infliction of emotional distress, assault and battery, and for false imprisonment. It would be against judicial economy to stay only Plaintiff's Title VII claims against Devono's Ristorante Famiglia just to have those claims proceed after the receipt of a notice of right to sue (which should be in a matter of weeks).

In the alternative, if this Court determines that Plaintiff's Title VII claims against Devono's are premature, Plaintiff has no objection to staying those claims or Plaintiff's claims generally until receipt of the notice of right to sue from the EEOC.

## CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests the Court deny Defendant's motion to continue (stay) (titled as a Motion to Dismiss) because she fulfilled her administrative obligations under Title VII, and for such other relief that is just and equitable.

Respectfully submitted,

**KRISTEN KIDA**

*s/Heidi Karr Sleper*

Attorney for Plaintiff

5

*Electronically filed January 18, 2008*

Dana L. Kurtz (ARDC #: 6256245)
Heidi Karr Sleper, Esq. (ARDC#: 6287421)
KURTZ LAW OFFICES, LLC
414 South State Street
Lockport, Illinois 60441
Phone:  815.838.0968
Facsimile:  312.893.2239
E-mail:  dkurtz@kurtzlaw.us
E-mail:  hsleper@kurtzlaw.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this 18th day of January 2008.

Matthew P. Walsh, II
V. Brette Bensinger
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601

*s/Heidi Karr Sleper*

*Electronically filed on January 18, 2008*