IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kirsten Kida, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 07 C 6788 |
| v. | ) | |
| | ) | Judge Darrah |
| Devono's Ristorante Famiglia;  John Orr, owner, | ) | |
| in his individual capacity, Donald Shilney, | ) | |
| owner, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY
IN SUPPORT OF THEIR 12(b)(6) MOTION TO DISMISS**

Defendants Devono's Ristorante Famiglia ("Restaurant"), John Orr, owner, in his individual capacity; Donald Shilney, owner, in his individual capacity (collectively "Defendants"), by and through their attorneys Matthew P. Walsh II and V. Brette Bensinger, and for their Reply in Support of Their 12(b)(6) Motion to Dismiss Plaintiff Kristen Kida's ("Plaintiff") Complaint at Law, state as follows:

**ARGUMENT**

Plaintiff's statement that Plaintiff has "fulfilled all administrative obligations under Title VII" is inaccurate and misleading.  (Plaintiff's Response Brief, Page 1, ¶ 1; Page 3, ¶ 2).  Before a plaintiff may file a Title VII lawsuit in federal court, the plaintiff must fulfill the administrative requirement of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  *Conner v. Illinois Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005).  The EEOC has not issued such a letter, and, therefore, the Complaint must either be dismissed or continued until the Plaintiff receives one.  In Plaintiff's response brief, Plaintiff asserted that she had no objection to staying the case until she receives a right to sue letter,

should the court find that her federal lawsuit was filed prematurely. (Plaintiff's Response Brief at page 5, ¶ 2). Since Plaintiff did file her case prematurely, this action should be stayed until Plaintiff amends her Complaint to establish the necessary prerequisites mandated prior to the pursuit of a Title VII case in federal court.

Indeed, Plaintiff admitted in the Complaint that she has not received a right to sue letter. In the section of the Complaint marked "Administrative Proceedings," Plaintiff states, "Plaintiff filed a charge of discrimination on September 13, 2006 with the Equal Employment Opportunity Commission, which is still pending before the EEOC. Upon receipt of a determination or right to sue from the EEOC, Plaintiff will amend her Complaint . . ." (Compl. at ¶ 4).

Although Plaintiff argues that the "delay lies with the EEOC," Plaintiff has not accused the EEOC of committing error, nor could Plaintiff support any such contentions now, outside of the Complaint. (Plaintiff's Response Brief, Page 4, ¶ 1). Since the EEOC has not issued a right to sue letter, we must assume that the EEOC is still pursuing the case and determining how to resolve the charge. *See Alerquin v. General Fire Extinguisher Corp*. No. 94 C 5991, 1995 WL 59230, * 3 (N.D.Ill. Feb. 10, 1995).

Considering that Plaintiff has no grounds upon which to pursue her Title VII claim, her pendent state law claims may not stand. *See* 28 USC 1367(c)(3). Although the Seventh Circuit authorizes cases to be dismissed upon the failure of a plaintiff to receive a right to sue letter prior to the filing of a federal Title VII lawsuit, in the interest of judicial economy, we request that this action be continued until Plaintiff has amended her Complaint and has actually fulfilled the administrative requirements.

2

WHEREFORE, Defendants respectfully request that this Court enter and continue its Motion until Plaintiff has amended her Complaint, and allow Defendants to preserve their rights to file a 12(b)(6) Motion to Dismiss should Plaintiff fail to amend properly.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/ V. Brette Bensinger
     V. Brette Bensinger

Matthew P. Walsh, II
V. Brette Bensinger
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 24, 2008, a true and correct copy of the foregoing **12(b)(6) Motion to Dismiss** was served on opposing counsel in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the Northern District of Illinois.

Dated:  January 24, 2008

s/V. Brette Bensinger

6276529v1 870707