## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6788 | DATE | February 28, 2008 |
| CASE TITLE | Kida vs. Devono's Ristorante Famiglia, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss is denied. [10]

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

On December 3, 2007, Plaintiff, Kristen Kida, filed suit against Defendants, Devono's Ristorante Famiglia, John Orr, and Donald Shilney. Plaintiff's Complaint alleges sexual harassment and discrimination in violation of Title VII (Count 1), retaliation in violation of Title VII (Count 2) and state law claims of intentional infliction of emotional distress (Count 3), assault and battery (Count 4), and false imprisonment (Count 5). Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

On September 13, 2006, prior to filing the present action, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). As of the date of the present motion, Plaintiff has yet to receive a right-to-sue letter from the EEOC. Defendants move to dismiss Plaintiff's Complaint based on Plaintiff's lack of a right-to-sue letter from the EEOC.

In ruling on a motion to dismiss, the court must accept all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). The purpose of a motion to dismiss pursuant to Fed R. Civ. Proc. 12(b)(6) is to test the legal sufficiency of the complaint. *City of Chicago v. Gibson*, 910 F.2d 1510, 1520 (7th Cir. 1990), quoting *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir.1989). The allegations of the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007).

The "receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII claim." *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001) (*Worth*). However, the lack of a right-to-sue letter does constitute a defense to a Title VII claim. *Worth*, 276 F.3d at 259, citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (*Perkins*).

Therefore, Defendants' motion to dismiss is denied. The parties are directed to appear at a status and scheduling conference on April 9, 2008, to address the issue of the issuance of a right-to-sue letter.

For the foregoing reasons, Defendants' Motion to Dismiss is denied.