IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN KIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07 C 6788 |
| | ) | |
| DEVONO'S RISTORANTE FAMIGLIA, | ) | |
| JOHN ORR, owner, in his individual capacity, | ) | Judge: Darrah |
| DONALD SHILNEY, owner, in his individual | ) | Magistrate Judge Cole |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants Devono's Ristorante Famiglia ("Restaurant"), John Orr, owner, in his individual capacity; Donald Shilney, owner, in his individual capacity (collectively "Defendants"), by and through their attorneys Matthew P. Walsh II and V. Brette Bensinger, and for their Answer to Plaintiff Kristen Kida's ("Plaintiff") Complaint at Law, state as follows:

### Introduction

1.    Plaintiff seeks redress for sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Count I); for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, as amended (Count II); for intentional infliction of emotional distress in violation of Illinois law (Count III); for assault and battery in violation of Illinois law (Count IV); and for false imprisonment (Count V). Plaintiff seeks declaratory and injunctive relief as well as damages for her injuries.

**ANSWER:**    Defendants admit that Plaintiff seeks redress for the alleged violations of the above statutes and state laws;  however, Defendants deny liability for each and every alleged violation asserted.

2.    Defendants' actions reflect a systematic policy and practice of discrimination against women and sexual harassment and retaliation and constitute a continuing violation.

**ANSWER:**    Denied.

## Jurisdiction and Venue

3.    Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiffs claims occurred within this District.

**ANSWER:**    Defendants admit that jurisdiction is proper for the federal claims. Defendants admit that jurisdiction is proper for the state claims to the extent the federal claims remain in the instant action.  Defendants admit that venue is proper.

## Administrative Proceedings

4.    Plaintiff filed a charge of discrimination on September 13, 2006 with the Equal Employment Opportunity Commission ("EEOC"), which is still pending before the EEOC. Upon receipt of a determination or notice of right to sue from the EEOC, Plaintiff will amend her Complaint to include the relevant facts providing jurisdiction of this Court for Plaintiff's Title VII claims (Counts I and II).

**ANSWER:**    Defendants admit that Plaintiff filed a charge of discrimination on September 13, 2006 with the EEOC, which is still pending.  Defendants admit that the EEOC has

6302206v1 870707

not yet issued a right to sue letter. Defendants lack sufficient information or knowledge to admit or deny Plaintiff's statement of future intent.

## The Parties

5.    Plaintiff KRISTEN KIDA ("KIDA") is a resident of Will County.

**ANSWER:**    Defendants are without sufficient information or knowledge to admit or deny the above allegation, and, therefore, it is deemed denied.

6.    Plaintiff was hired by Defendant DEVONO'S RISTORANTE FAMIGLIA ("Devono's") in or about July of 2003 to work as a waitress. She was terminated from her waitressing position at Devono's on or about December 29, 2005.

**ANSWER:**    Defendants admit that Plaintiff was hired by Devono's in or about July 2003 to work as a server. Defendants deny the remaining allegations.

7.    Defendant DEVONO'S is a restaurant located in Orland Park, Illinois. At all relevant times, Devono's has been continuously engaged in an industry affecting commerce with fifteen (15) or more employees.

**ANSWER:**    Admitted.

8.    At all relevant times, Defendant JOHN ORR ("ORR") served as co-owner of Devono's. At all relevant times, Defendant Orr was Plaintiff's supervisor. Defendant Orr is sued in his individual capacity as to Counts III, IV, and V.

**ANSWER:**    Defendants admit that at all relevant times Defendant Orr served as co-owner of Devono's. Defendants deny that at all relevant times Defendant Orr was Plaintiff's supervisor.

6302206v1 870707

9.     At all relevant times, Defendant DONALD SHILNEY ("SHILNEY") served as co-owner of Devono's.    At all relevant times, Defendant Shilney was Plaintiffs supervisor. Defendant Shilney is sued in his individual capacity as to Count III.

**ANSWER:**     Defendants deny that at all relevant times Defendant Shilney served as co-owner of Devono's.  Defendants deny that at all relevant times Defendant Shilney was Plaintiff's supervisor.

10.     Defendant Devono's has employed Defendants Orr and Shilney at all times relevant hereto.  Devono's is responsible for the acts of Defendants Orr and Shilney, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of sex discrimination, sexual harassment, retaliation.

**ANSWER:**     Defendants deny that Devono's has employed Defendant Orr at all times relevant hereto.  Defendants admit that Devono's has employed Defendant Shilney at all times relevant hereto.  Defendants make no response to the remaining allegations in paragraph 10, as the remaining allegations constitute legal conclusions to which no answer is required.  However, to the extent that an answer is required to the remaining allegations, the remaining allegations are denied.

**Facts Upon Which Claims Are Based**

11.     In or about July of 2003, Plaintiff was hired by Defendant Devono's as a waitress.

**ANSWER:**     Defendants admit that on or about July 0f 2003, Plaintiff was hired by Defendant Devono's as a server.

12.     In or about December 2004, Defendants promised Plaintiff a position as manager.

**ANSWER:**     Denied.

6302206v1 870707

13.     In or about December 2004, Defendants reversed their decision to make Plaintiff manager based on Plaintiff being pregnant. Defendants made comments to Plaintiff such as, "It's a shame you got pregnant because we were going to make you a manager."

**ANSWER:**     Denied.

14.     In or about November of 2005, Defendant Orr began subjecting Plaintiff to repeated and pervasive sexual harassment, discrimination, and retaliation, including but not limited to: holding Plaintiff against her will in a supervisor's office, forcefully kissing and fondling Plaintiff, making derogatory and demeaning remarks to Plaintiff and suggestive sexual comments to Plaintiff, all of which were unwelcome and offensive, because of her gender.  This conduct continued up until the time Defendants terminated Plaintiff's employment in December 2005.

**ANSWER:**     Denied.

15.     Defendant Orr continuously subjected Plaintiff to offensive, unwelcome, and physically- and sexually-abusive behavior, including but not limited to the following:

        a.     From July 2003, Orr repeatedly subjected Plaintiff and other women to comments of an abusive, degrading and sexual nature.

        b.     Orr subjected Plaintiff to unwanted sexual advances by continuously asking her out on dates, even though she had repeatedly denied his requests and told him that his behavior was unwelcome.  Defendant's comments and questions made Plaintiff very uncomfortable and distracted her from fulfilling her job duties.

        c.     In or about December of 2005, Orr cornered Plaintiff in the kitchen, hugged her, and again asked her to go out with him.

5

d.     On or about December 20, 2005, Defendant Orr asked Plaintiff out again.

e.     Later that same day, Defendant Orr requested to speak to Plaintiff in his office.  Plaintiff, obeying the order of her acting supervisor, met Defendant Orr in his office in the basement of the restaurant.  When she entered the office, Orr locked the door behind her.  Orr then forced himself onto Plaintiff and kissed her and fondled her breasts through her shirt.  Plaintiff pushed Orr away and told him that she needed to go upstairs and ran out of the office and upstairs in tears.

f.     On or about December 24, 2005, Defendant Orr once again forced himself on Plaintiff and attempted to kiss her.  Plaintiff rejected his attempt by pushing him away. Some two minutes later, Defendant Orr made another attempt to kiss Plaintiff, but she managed to deny his attempt while telling him that this behavior was unacceptable and unwelcome.  Undeterred, Defendant Orr unexpectedly kissed Plaintiff and grabbed her buttocks as he was leaving the room.

**ANSWER:**     Defendants deny the allegations contained in paragraph 15, including subparagraphs (a) through (f).

16.     In or about November of 2005, Plaintiff complained to Defendant Shilney regarding Defendant Orr's harassing behavior. However, Shilney took no action to address the situation.   He did not even inform Defendant Orr that his actions were inappropriate and constituted sexual harassment.   Shilney's refusal to take action caused Orr to escalate his harassment and in turn caused Plaintiff further mental pain and anguish.

6

6302206v1 870707

**ANSWER:**    Denied.

17.    On or about December 27, 2005, Plaintiff complained once again to Shilney and requested that he talk to Orr and put a stop to all of Orr's unwelcome and offensive behavior. Defendant Shilney responded to Plaintiffs request by saying, in effect, "Can't you handle a dirty old man? I am not going to get involved, you deal with it."

**ANSWER:**    Denied.

18.    On or about December 29, 2005, Plaintiff arrived to work as scheduled to find that Defendants had scheduled a former manager in Plaintiffs place.  Plaintiff met privately with Defendant Orr, who told Plaintiff, "I have to let you go."  He also stated, "This could have benefited you," implying that Plaintiff would not have lost her job if she had allowed and welcomed his sexual advances.

**ANSWER:**    Denied.

19.    On or about December 29, 2005, Defendant Orr also told Plaintiff that, "I should take you over my knee, but you might like that too much."  Plaintiff Kida immediately walked out of the office and left the premises.

**ANSWER:**    Denied.

20.    On or about December 29, 2005, Defendants terminated Plaintiff's employment in retaliation for complaining about the daily sexual harassment that she had been forced to endure.

**ANSWER:**    Denied.

6302206v1 870707

21.    Defendant Devono's supervisors, including Defendants Shilney and Orr, knew and should have known of the harassment directed at Plaintiff and other women and failed to take any effective measures to correct and prevent it.

**ANSWER:**    Denied.

22.    Defendants Devono's, Shilney, and Orr contributed to and failed to remedy the hostile work environment Plaintiff endured.

**ANSWER:**    Denied.

23.    Defendants Devono's, Shilney, and Orr created and perpetuated a hostile work environment, turned a blind eye to the sexual harassment and Plaintiffs complaints, and condoned and committed retaliation against Plaintiff.

**ANSWER:**    Denied.

24.    Defendant Devono's has a policy, custom, and widespread practice of allowing and condoning sexual harassment, failing to respond to employees' complaints of harassment, and retaliating against those who complain about Defendants' unlawful conduct.

**ANSWER:**    Denied.

## COUNT I

### (Title VII - Sexual Harassment and Discrimination)

### (Plaintiff v. Defendant Devono's)

25.    As against Defendant Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

**ANSWER:**    Defendants, herein by reference, restate and reaffirm their answers to paragraphs 1 through 24 above.

8

26.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq*.

**ANSWER:**    Denied.

27.    Defendant has engaged in a policy, pattern, and practice of sexual harassment of and discrimination against women.

**ANSWER:**    Denied.

28.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiffs employment and by knowingly failing and refusing to protect Plaintiff from that hostile and abusive environment.

**ANSWER:**    Denied.

29.    Defendant intentionally discriminated against Plaintiff based on her gender and denied her equal opportunities, including but not limited to: being subject to a hostile work environment and harassment, being passed over for promotions, being subjected to unlawful termination, and treated differently in the terms and conditions of her employment.

**ANSWER:**    Denied.

30.    The actions of Defendant in intentionally engaging in and condoning sexual harassment against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation,

9

physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**   Denied.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and enter Judgment for Defendants.

## COUNT II

### (Title VII - Retaliation)

### (Plaintiff v. Defendant Devono's)

31.    As against Defendant Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

**ANSWER:**   Defendants, herein by reference, restate and reaffirm their answers to paragraphs 1 through 24 above.

32.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about sexual harassment and gender discrimination, and by refusing and failing to protect Plaintiff from retaliation, including but not limited to the following:

 a.    Owners and supervisors failed to take corrective action or any other measures to prevent owners and supervisors from subjecting Plaintiff to a hostile work environment;

 b.    Defendant's owner and supervisor Shilney failed to take corrective action or any other measures to prevent Defendant Orr from sexually harassing and threatening Plaintiff and other women;

10

6302206v1 870707

    c.      Defendant and its supervisors and agents retaliated against Plaintiff after she complained about unlawful discrimination;

    d.      Defendant and its supervisors and agents refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about sexual harassment and gender discrimination;

    e.      Defendant and its supervisors and agents subjected Plaintiff to repeated acts of retaliation intended to ostracize, isolate, humiliate, and punish her, after she complained about sexual harassment, gender discrimination, and retaliation; and

    f.      Defendant and its supervisors and agents have subjected other individuals to retaliation for complaining about sexual harassment, discrimination, and retaliation and other unlawful conduct.

    **ANSWER:**    Defendants deny the allegations contained in paragraph 32, including subparagraphs (a) through (f).

33.    Defendant has engaged in a policy, pattern, and practice of retaliating and condoning retaliation against employees who complain of sexual harassment and discrimination.

    **ANSWER:**    Denied.

34.    By engaging in and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

    **ANSWER:**    Denied.

35.    The actions of Defendant and its supervisors and agents in intentionally engaging in and condoning discrimination and retaliation against Plaintiff have caused her great mental

6302206v1 870707

anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**    Denied.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and enter Judgment for Defendants.

## STATE LAW SUPPLEMENTAL CLAIMS

### COUNT III

**(Intentional Infliction of Emotional Distress)**

**(Plaintiff v. All Defendants)**

36.    As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

**ANSWER:**    Defendants, herein by reference, restate and reaffirm their answers to paragraphs 1 through 24 above.

37.    The intentional acts of Defendants constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff.

**ANSWER:**    Denied.

38.    As a proximate result of Defendants' unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

**ANSWER:**    Denied.

12

39.     Defendants acted willfully and maliciously with respect to their treatment of Plaintiff.

**ANSWER:**     Denied.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and enter Judgment for Defendants.

## COUNT IV

### (Assault and Battery)

### (Plaintiff v. Defendants Orr and Devono's)

40.     As against Defendants Orr and Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

**ANSWER:**     Defendants, herein by reference, restate and reaffirm their answers to paragraphs 1 through 24 above.

41.     Defendant Orr without cause or provocation assaulted and battered Plaintiff by grabbing her in an offensive, hostile and unwanted manner, and by causing Plaintiff to be placed in well-founded fear of her safety and well-being.

**ANSWER:**     Denied.

42.     Defendant Orr intentionally and unlawfully threatened and caused Plaintiff injury by force, which under the circumstances created in Plaintiff a well-founded fear of imminent peril.

**ANSWER:**     Denied.

13

43.    Defendant Orr had the apparent present ability to effectuate and complete the injury so offered and threatened.

**ANSWER:**    Denied.

44.    Defendant Orr's touching and assault and battery of Plaintiff were performed without her consent and against her will, and resulted in harmful and/or offensive contact to Plaintiff.

**ANSWER:**    Denied.

45.    At all relevant times to this action, Defendant Orr knew or should have reasonably known that his conduct was harmful and/or offensive to Plaintiff.

**ANSWER:**    Denied.

46.    Defendant Orr's actions were willful and intentional and taken with wanton disregard of Plaintiffs well-being.

**ANSWER:**    Denied.

47.    As a direct and proximate result of Defendant Orr's unlawful acts, Plaintiff has suffered physical and emotional damages resulting in the need for medical treatment, pain and suffering, and emotional distress.

**ANSWER:**    Denied.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and enter Judgment for Defendants.

6302206v1 870707

<u>**COUNT IV**</u>

**(False Imprisonment)**

**(Plaintiff v. Defendants Orr and Devono's)**

48.     As against Defendants Orr and Devono's, Plaintiff restates and realleges by reference paragraphs 1 through 24 above as though fully set forth herein.

**<u>ANSWER:</u>**     Defendants, herein by reference, restate and reaffirm their answers to paragraphs 1 through 24 above.

49.     As set forth herein, Defendant Orr unlawfully and unreasonably restrained Plaintiff against her will.

**<u>ANSWER:</u>**     Denied.

50.     Defendant Orr locked Plaintiff in the office against her will and would not allow her to leave.

**<u>ANSWER:</u>**     Denied.

51.     Defendant Orr locked Plaintiff in the office in order to assault her, commit a battery upon her, and sexually harass her against her will.

**<u>ANSWER:</u>**     Denied.

52.     Defendant Orr did not believe that Plaintiff had committed an offense when he restrained her.

**<u>ANSWER:</u>**     Denied.

53.     Defendant Devono's agent, Defendant Orr, caused an unwarranted and unlawful restraint of Plaintiff and thus is liable for false imprisonment.

**<u>ANSWER:</u>**     Denied.

15

54.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical and emotional damages resulting in the need for medical treatment, pain and suffering, and emotional distress.

**ANSWER:**    Denied.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's Complaint and enter Judgment for Defendants.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By:  s/Brette Bensinger _____
      Brette Bensinger


Matthew P. Walsh II
V. Brette Bensinger
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000


## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on April 1, 2008, I caused this Answer to Plaintiff's Complaint at Law to be filed through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record.

By: s/V. Brette Bensinger

6302206v1 870707